**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 11-8-DLB**

**GRACIE ETTA WILSON**                                                    **PLAINTIFF**

**vs.**                                    **MEMORANDUM OPINION & ORDER**

**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security. The Court, having reviewed the record and the parties' dispositive motions, **reverses and remands** the Commissioner's decision for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Gracie Etta Wilson filed applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) on May 9, 2008. (Tr. 90-96). Plaintiff's earnings record shows that she had acquired sufficient coverage to remain insured through June 30, 2013. (Tr. 11). At the time of filing, Plaintiff was 41 years old and alleged a disability onset date of March 3, 2008. (Tr. 90, 93). Plaintiff alleges she is unable to work due to heart disease, arthritis, asthma and neuropathy. (Tr. 117). Plaintiff has a tenth grade education and past relevant work as a cook and cookie packer. (Tr. 118, 121). She stopped working on March 3, 2008. (Tr. 108).

1

Plaintiff's claim was denied initially and again on reconsideration. (Tr. 63-70, 73-78). At Plaintiff's request, an administrative hearing was conducted on July 1, 2009 before Administrative Law Judge (ALJ) Frank Letchworth. (Tr. 17-41). On September 28, 2009, ALJ Letchworth ruled that Plaintiff was not disabled and therefore not entitled to disability insurance benefits or supplemental security income. (Tr. 9-16). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 5, 2010. (Tr. 1-3).

The present action was filed on January 6, 2011. (Doc. # 2). The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. # 12, 13).

## II. DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). Moreover, even if there is evidence favoring Plaintiff's

side, the Commissioner's findings must be affirmed if supported by substantial evidence. *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988). Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant is still performing substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether significant numbers of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

## B.    The ALJ's Determination

At Step 1, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 3, 2008, the alleged onset date. (Tr. 11). At Step 2, the ALJ found that Plaintiff had the following severe impairments: obesity, old L1 compression fracture, asthma and coronary artery disease. (Tr. 11). At Step 3, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12).

At Step 4, the ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b). (Tr. 12). However, the Plaintiff can no more than occasionally climb ramps/stairs, stoop, bend, crouch, and is precluded from any climbing of ladders/ropes/scaffolds or crawling. (Tr. 12). She also requires a sit/stand option so that she performs neither activity for more than thirty minutes at a time. (Tr. 12). Further, she is precluded from concentrated exposure to temperature extremes, pulmonary irritants, vibration and unprotected heights and hazards. (Tr. 12). Based upon this RFC, the ALJ concluded that Plaintiff was unable to perform her past relevant work as a cook and cookie packer. (Tr. 14).

Accordingly, the ALJ proceeded to the final step of the sequential evaluation. At Step 5, the ALJ found that Plaintiff was born on January 18, 1967 and was 41 years old, which is defined as a younger individual, on the alleged disability onset date. (Tr. 14). *See* 20 C.F.R. §§ 404.1563 & 416.964. The ALJ also found that Plaintiff has a limited education and is able to communicate in English. (Tr. 14). Furthermore, the ALJ found that Plaintiff's past relevant work as cook had transferable skills to that of a short order cook. (Tr. 14). Considering Plaintiff's age, education, work experience and residual functional capacity, the ALJ determined that a significant number of jobs exist in the national economy that Plaintiff can perform. (Tr. 15). ALJ Letchworth therefore concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act since Plaintiff's alleged onset disability date of March 3, 2008 through the date of the decision. (Tr. 15).

**C.     Analysis**

Plaintiff advances only one argument on appeal.  Plaintiff asserts that the ALJ failed to consider all of Plaintiff's severe impairments in the sequential five-step analysis when denying her claims for DIB and SSI.   Specifically, Plaintiff alleges that although ALJ Letchworth concluded that her obesity was a severe impairment, it is not clear whether he considered Plaintiff's obesity at the other steps of the analysis.   Moreover, Plaintiff contends that the ALJ failed to consider the effect that Plaintiff's increase in weight had on her residual functional capacity.[1]

In his decision, the ALJ noted that on July 28, 2008,[2] at a state agency arranged consultative examination, Plaintiff measured 5 feet 3 ½ inches tall and weighed 244 pounds, resulting in a body mass index (BMI) of 42.5.[3]  (Tr. 12, 192).  Moreover, he cited medical records from Plaintiff's cardiologist which revealed a diagnosis of obesity and referral for diet counseling.  (Tr. 12, 234).   Consequently, the ALJ found that Plaintiff's obesity was a  severe impairment.  (Tr. 11).   Despite this conclusion, the ALJ's analysis with regard to Plaintiff's obesity ended there and failed to discuss the impairment again. (Tr. 11-16).

---

[1] At the hearing on July 1, 2009, Plaintiff testified that she had gained approximately twenty to thirty pounds since she stopped working and weighed 269 pounds.  (Tr. 25, 35).

[2] The ALJ incorrectly stated that this consultative examination took place on July 28, 2008. (Tr. 12).  A review of the administrative record reveals that the examination occurred on July 8, 2008.  (Tr. 190).

[3] A BMI of 40 or above is designated as Level III, the highest level of obesity, and termed "extreme" obesity with "the greatest risk for developing obesity-related impairments."  SSR 02-1p, 2000 WL 628049, *2 (Sept. 12, 2002).

Social Security Ruling 02-1p explains the Social Security Administration's policy on the evaluation of obesity.  SSR 02-1p, 2000 WL 628049 (Sept. 12, 2002).  While SSR 02-1p does not offer "any particular procedural mode of analysis" for the ALJ's consideration of obesity, *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006), it offers guidance as to how obesity should be considered at each sequential step of the analysis.  For example, at Step 4, "[a]n assessment should [ ] be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment."  SSR 02-1p, at *6.  Moreover, the ALJ should recognize that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity."  *Id.*  Most importantly, the ALJ must explain how he reached his conclusions on whether the claimant's obesity caused any physical or mental limitations. *Id.* at *7.

The Commissioner argues that because Plaintiff alleged no particular limitations due to or aggravated by her obesity, the mere existence of the impairment does not reveal the extent to which it limits her ability to work or undermine the ALJ's determination in that regard.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1998).   However, Commissioner's argument ignores the fact that by finding Plaintiff's obesity to be a severe impairment, the ALJ conceded that it significantly limits Plaintiff's physical or mental ability to perform basic work activities.  *See* 20 C.F.R. §§ 404.1520(c) & 416.921; SSR 02-1p, at *4.  Thus, it was error for the ALJ to end his evaluation of Plaintiff's obesity at Step 2, because he failed to consider *how* Plaintiff's obesity limited her physical or mental ability to perform basic work activities.

Although the ALJ conducted a thorough analysis of the objective medical evidence in connection with Plaintiff's alleged symptoms, he only assessed limitations due to Plaintiff's past L1 compression fracture, asthma, and coronary artery disease. (Tr. 12-14). He failed to additionally account for how Plaintiff's obesity alone, or in combination with her other impairments, would effect her ability to do light work. Consequently, ALJ Letchworth failed to evaluate Plaintiff's obesity in compliance with SSR 02-1p and his decision is reversed and remanded for further consideration. *See Maddex v. Astrue*, No. 3:10CV159, 2011 WL 1990588, *11-13 (S.D. Ohio May 2, 2011) (ALJ's decision was reversed and remanded because although ALJ found obesity to be a severe impairment, the ALJ failed to discuss Plaintiff's obesity at Step 3 when determining whether Plaintiff's impairment or combination of impairments met or medically equaled a listing and failed to discuss Plaintiff's obesity at Step 4 when determining Plaintiff's RFC); *cf. Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 443 (6th Cir. 2010) (Court found that ALJ sufficiently accounted for the effect that obesity had on plaintiff's ability to do sedentary work because ALJ discussed obesity multiple times throughout his findings of fact, concluded that plaintiff's obesity constituted a 'severe impairment' and acknowledged that the obesity contributed to plaintiff's other medical conditions.).

One final matter deserves brief comment. Plaintiff alleges that the ALJ's failure to consider the effect of Plaintiff's increase in weight on her RFC was also error. Plaintiff states that a medical examination dated October 3, 2008 revealed that Plaintiff's weight had increased to 271 pounds, (Tr. 269), yet the ALJ only considered Plaintiff's weight to be 244 pounds. (Tr. 12). However, the ALJ's decision did not even consider the effect of

Plaintiff's obesity as a whole in his RFC determination, let alone Plaintiff's recent weight gain. Therefore, the Court cannot address Plaintiff's argument at this time.

## III. CONCLUSION

This matter is remanded for administrative proceedings consistent with this opinion. On remand, the ALJ shall evaluate Plaintiff's obesity at all steps of the sequential analysis in compliance with Social Security Ruling 02-1p and specifically account for the effect that Plaintiff's obesity has on her ability to perform basic work activities. Accordingly, for the reasons stated,

**IT IS ORDERED** as follows:

1. Plaintiff's Motion for Summary Judgment (Doc. # 12) is hereby **GRANTED** to the extent that it seeks a remand for the ALJ to consider Plaintiff's obesity at all steps of the sequential evaluation and specifically account for the effect that Plaintiff's obesity has on her ability to perform basic work activities;

2. Defendant's Motion for Summary Judgment (Doc. # 13) is hereby **DENIED**;

3. The administrative decision of the Commissioner is hereby **REVERSED** and **REMANDED** for further proceedings consistent with this opinion; and

4. A separate Judgment reversing and remanding this matter will be entered contemporaneously herewith.

This 26th day of September, 2011.



**Signed By:**

**_David L. Bunning_**

**United States District Judge**